# JOHN N. HOURIHANE, JR. LTD.
ATTORNEY AT LAW
120 N. LASALLE STREET, 20TH FLOOR
CHICAGO, ILLINOIS 60602

(312) 782-6856
Fax (312) 602-3802
Email john@hourihaneltd.com

May 20, 2021

**Via Email and Regular First-Class Mail**

Anne Pantelas
President
Infinity Capital Management
1700 W Horizon Ridge Pkwy, #206
Henderson, NV 89012
anne@infinitycapital.com

Dan McNutt
625 South 8th St.
Las Vegas, NV 89101
drm@mcnuttlawfirm.com

Larry Oldham
416 Pirkle Ferry Road
Suite K-500
Cumming, GA 30040
larryoldham@lcopc.com

Dear Ms. Pantelas:

I am counsel for HASelect-FTM Medical Receivables Litigation Finance Fund SP ("**Lender**"). I am writing regarding the Second Amended & Restated Loan and Security Agreement dated December 18, 2019 (the "**MLA**"), entered between Lender and Infinity Capital Management, Inc. ("**Borrower**"). The MLA is further evidenced by a Promissory Note dated December 18, 2019 (the "**Note**," and together with the MLA, the "**Loan Documents**"). The loan is secured by Collateral defined in Section 4.1 of the MLA, and the Receivables and Claims as defined in the Note and MLA (collectively, the "**Collateral**").

Pursuant to the Loan Documents, the Lender requires Borrower to perform certain duties and obligations. More specifically, Lender demands as follows:

    1.    Permit Lender to examine and audit Borrower's books and records, MLA § 6.1, including inspection of all Collateral for the Loan and to make copies of the same. MLA § 6.9.

    2.    Borrower shall provide an audited balance sheet and income statement for the most recent fiscal year. MLA § 6.2(1).

## JOHN N. HOURIHANE, JR. LTD.

MS. ANNE PANTELAS
MESSERS. DAN MCNUTT AND LARRY OLDHAM
MAY 20, 2021
PAGE 2 OF 3

      3.    Borrower shall provide copies of its balance sheet and income statement for the first quarter of 2021. MLA § 6.2(2).

      4.    Borrower shall inform Lender in writing of (a) all material adverse changes in Borrower's financial condition, (b) all existing and threatened . . . litigation, claims . . . or similar actions which are reasonably likely to have a material adverse effect on the financial condition of Borrower[.]" MLA § 6.3.

      5.    Borrower shall identify all business activities in which it is presently engaged that are substantially different than those in which Borrower was engaged at the time of the execution of the MLA. MLA § 7.1(1).

      6.    Borrower shall identify all parties involved in the management of Borrower and all of its owners or those having or claiming an economic interest in the income or equity of Borrower at any time since the execution of the MLA, including in any entity controlled by, controlling, or under common control with Borrower. MLA § 5.12.

      7.    Borrower shall identify any indebtedness of any kind (including any further indebtedness associated with Permitted Liens) other than from Lender after the Effective Date. MLA § 7.4.

To be clear, and without limitation to Borrower's obligation to completely and timely respond to the items above, Lender demands that Borrower immediately provide Lender with:

(a) access to all of Borrower's deposit accounts wherever located and with whomever held;
(b) access to Borrower's database which tracks and maintains records of Lender's medical receivables Collateral;
(c) copies of all of the FTM Notes (as defined in the MLA and described in <u>Schedule I</u> of the MLA);
(d) all other promissory notes, loan agreements, amendments, modifications or other documents concerning any borrowing or indebtedness of any kind with respect to any of the FTM Parties (as defined in the MLA) or any other entity from whom Borrower borrowed funds, including but not limited to the entity known as "Coastal";
(e) all agreements and documents concerning any involvement of Borrower in any entity in which the FTM Parties have any ownership interest in Borrower or in any entity controlled by, controlling, or under common control with Borrower; and
(f) all other documents, agreements, and instruments in connection with any of the foregoing documents.

If complete and timely responses to all above items are not received within 15 days, Lender shall pursue all appropriate relief at law and equity under the Loan Documents and applicable laws. Please be mindful that in the absence of a complete and timely response to this letter Lender shall be forced to declare all appropriate defaults and pursue all appropriate remedies to protect its rights in the Collateral and Lender's investor's interests.

## JOHN N. HOURIHANE, JR. LTD.

MS. ANNE PANTELAS
MESSERS. DAN MCNUTT AND LARRY OLDHAM
MAY 20, 2021
PAGE 3 OF 3

    For avoidance of doubt, nothing set forth herein is intended, nor shall it be deemed, to modify, limit, release, reduce or waive any of Borrower duties and obligations, or Lender's rights or remedies under the Loan Documents, or at law or in equity, all of which are hereby specifically reserved. Moreover, neither this communication nor any ensuing discussions shall constitute an agreement to modify the express terms of the Loan Documents. Any such modification must be made in writing and in a form agreeable to the Lender.

Sincerely,

John N. Hourihane, Jr.

cc:    Igor Shleypak
       Thomas C. Cronin
       Anthony J. Nasharr